UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGELA THOMPSON,  
                                          **DECISION AND ORDER**:  
         Plaintiff,              14-cv-5317 (WFK) (VMS)  

       v.  

BROOKDALE UNIVERSITY HOSPITAL AND  
MEDICAL CENTER,  

         Defendant.  
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ II, United States District Judge:**

       By Complaint filed September 11, 2014, Plaintiff Angela Thompson ("Plaintiff") brings this action against Defendant Brookdale University Hospital and Medical Center ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging discrimination on the basis of national origin and retaliation. Dkt. 1 ("Complaint"). Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 16 ("Motion to Dismiss"). For the reasons discussed below, Defendant's motion is hereby GRANTED IN PART and DENIED IN PART.

## BACKGROUND

       On or about April 2011, Plaintiff, an African-American woman, began her employment with Defendant as a Patient Navigator for Breast Health Services. Complaint at ¶ 15. Beginning in May 2011, Plaintiff alleges she was subjected to "verbal abuse" and disruptive behavior, such as having files hidden from her and patients being told she was not present at work when it was known she was in her office. *Id.* at ¶ 18. Also in May 2011, Plaintiff complained to her direct supervisor, a non-African-American, about the verbal abuse and disruptive behavior. *Id.* at ¶¶ 17, 19. Plaintiff's direct supervisor informed Plaintiff that she would "follow up" with Plaintiff, but never did. *Id.* at ¶ 19. On or about September 28, 2011, two of Plaintiff's non-African-American co-workers called her a "fat bitch." *Id.* at ¶¶ 16, 20.

Plaintiff reported this to their supervisor, to her supervisor, and to Human Resources, none of whom took any action. *Id.* at ¶ 20. In December 2011, Plaintiff learned her direct supervisor had been telling upper management Plaintiff did no work and "should be part of the secretary pool"; furthermore, during the course of her employment, Plaintiff was required to perform secretarial tasks outside of her job duties. *Id.* at ¶¶ 21-22.

In August 2012, Plaintiff's office was relocated to a space where she had to share a desk and where lunches for pharmaceutical representatives were often hosted, rendering the space inappropriate for the personal conversations Plaintiff's job required her to have with breast cancer patients. *Id.* at ¶ 23. In September 2012, Plaintiff's salary was wrongfully docked for a sick day she was entitled to take. *Id.* at ¶ 24.

On April 22, 2013, Plaintiff came to work to find some of her personal items missing and her desk, telephone, files, and workspace covered with an unknown white substance, which was later determined to be baby powder. *Id.* at ¶ 25. Plaintiff alleges there was no inquiry into who put the baby powder on Plaintiff's work equipment, or into her complaint that this was part of a longstanding pattern of harassment. *Id.* On April 25, 2013 and August 2, 2013, Plaintiff complained of workplace harassment to Human Resources and Corporate Compliance respectively. *Id.* at ¶¶ 26-27.

On or about August 8 and August 9, 2013, Plaintiff claims she wrote a letter and filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on national origin and retaliation. *Id.* at ¶¶ 28-29. Shortly thereafter, Plaintiff was newly required to provide monthly reports of her patients, which she had not been required to do prior to August 8, 2013. *Id.* at ¶ 30. Plaintiff provided the required reports for August and September, but her employment was terminated on or about October 18, 2013. *Id.* at ¶¶ 30-31.

Plaintiff now brings this suit under Title VII of the Civil Rights Act, alleging unlawful discrimination and retaliation. *Id.* at ¶¶ 33-47. On June 25, 2015 Defendant filed a motion to dismiss, arguing (1) the Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies because her EEOC charge made no claim for discrimination based on national origin discrimination and did not mention retaliation; (2) Plaintiff's allegations of discrimination prior to October 13, 2012 are time-barred, and any retaliation claims filed now would be time-barred; and (3) Plaintiff fails to state a claim for discrimination. Motion to Dismiss at 5-10.

## DISCUSSION

### I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). However, exhaustion of administrative remedies "is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 (2d Cir. 2015) (internal quotation marks and citations omitted). As such, the precondition of exhaustion may be subject to equitable defenses. *Id.* at 385-86. Therefore, Defendant errs in characterizing Plaintiff's alleged failure to exhaust administrative remedies as jurisdictional. Motion to Dismiss at 5. The Court will, however, review Defendant's argument that Plaintiff failed to exhaust her administrative remedies.

To survive a motion to dismiss pursuant to Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A sufficiently pled complaint "must provide 'more than an unadorned, the-defendant-

unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks and alteration omitted). At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (citing *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Legal conclusions must be supported by factual allegations. *Id.*; *Pension Benefit Guar. Corp.*, 712 F.3d at 717-18.

## II. Analysis

### A. Plaintiff Has Exhausted Her Administrative Remedies.

Defendant argues Plaintiff's August 2013 EEOC charge only alleges gender discrimination and not national origin discrimination or retaliation. Motion to Dismiss at 5. Plaintiff flatly contradicts this. Dkt. 20 ("Opp.") at 8. Plaintiff supports her contradiction of Defendant's claim by attaching her EEOC intake questionnaire of August 9, 2013, in which Plaintiff stated she was discriminated against based on race, sex, national origin, retaliation, and color. Dkt. 19-1 ("EEOC Questionnaire) at 2, Question 4. Defendant responds that the EEOC

Questionnaire does not contain the elements of a charge sufficient to constitute exhaustion of Plaintiff's administrative remedies. Dkt. 21 ("Reply") at 3-5.

"Title VII requires plaintiffs to exhaust their administrative remedies by filing timely charges of discrimination with the EEOC before they initiate suits arising out of the charges." *Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 722 (S.D.N.Y. 2011) (Crotty, J.) (adopting report and recommendation of Magistrate Judge Frank Maas) (citations omitted). The applicable regulations state "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b) (procedural regulation for contents of charge to EEOC). In addition, the Supreme Court has held, in the parallel context of EEOC charges for the Age Discrimination in Employment Act, a charge requires an "additional element[]": it must, taken as a whole, be a "request by the employee for the agency to take whatever action is necessary to vindicate her rights." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 398 (2008). This standard is meant to "separate information requests from enforcement requests." *Id.* at 401. The Supreme Court describes it as a "permissive standard [under which] a wide range of documents might be classified as charges." *Id.* at 402. EEOC intake questionnaires may be charges if they meet these requirements, although not every EEOC intake questionnaire is a charge. *Mohamed v. N.Y. Univ.*, 14-CV-8373, 2015 WL 3387218, at *10 (S.D.N.Y. May 21, 2015) (Dolinger, Mag. J.) adopted by *Mohamed v. N.Y. Univ.*, 14-CV-8373, 2015 WL 5307391 (S.D.N.Y. Sept. 10, 2015) (Daniels, J.) (citation omitted).

Here, Plaintiff submitted a written form to the EEOC identifying herself and Defendant, describing their employment relationship, and describing generally the complained-of conduct.

EEOC Questionnaire at 1-2. Furthermore, Plaintiff checked a box on the form stating that "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." *Id.* at 4. Accordingly, this form meets the requirements of the regulations and *Holowecki*. *See, e.g., Mohamed*, 2015 WL 3387218, at *10-13 (EEOC intake questionnaire deemed a charge for Title VII purposes where parties were identified and the box for "I want to file a charge of discrimination" was checked). Plaintiff's EEOC Questionnaire is sufficient to meet the elements of an EEOC charge because she identified the parties, generally described the alleged discriminatory acts, and checked the box indicating she wishes the EEOC to initiate an investigation on her behalf. *See, id.* at *10. Accordingly, Defendant's motion to dismiss on this ground is hereby DENIED.

### B. Plaintiff's Claims Prior to October 13, 2012 are Time-Barred.

"Title VII requires a claimant to file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency, within 300 days of the alleged discriminatory action." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)). "This statutory requirement is analogous to a statute of limitations." *Id.* (citation omitted). Defendant concedes the 300-day period is applicable here. Motion to Dismiss at 7. Plaintiff filed her EEOC charge on August 9, 2013. Complaint at ¶ 29. October 13, 2012 is three hundred days before August 9, 2013; accordingly, Plaintiff's claims arising out of incidents prior to October 13, 2012 must be dismissed.

Plaintiff makes no explicit argument against dismissing her pre-October 13, 2012 claims in her opposition. Opp. at 8. The Court, however, construes Plaintiff's contention that the April 22, 2013 baby powder incident, which is not time-barred, is part of a "larger pattern of discriminatory

treatment" as an argument her claims should fall under the "continuing violation" exception to the statute of limitations. *Id.*

Under the "continuing violation" exception, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 155-156 (2d Cir. 2012) (internal quotation marks and citations omitted). "As a general rule, [however,] courts in the Second Circuit have viewed continuing violation arguments with disfavor." *Fouche v. St. Charles. Hosp.*, 43 F. Supp. 3d 206, 213 (E.D.N.Y. 2014) (Spatt, J.) (internal quotation marks and citations omitted). "Thus, only compelling circumstances will warrant the application of the exception to the statute of limitations." *Id.* (internal quotation marks and citation omitted). "The Second Circuit has recognized two general situations in which the continuing violation doctrine applies: (1) where there is proof of specific ongoing discriminatory polic[i]es or practices, or (2) where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 580 (E.D.N.Y. 2011) (Mauskopf, J.) (internal quotation marks and citation omitted). Discrete acts falling within the limitations period, even if discriminatory and related, do not make claims based on acts prior to the limitations period timely. *Id.*

Here, Plaintiff has not alleged facts to suggest an ongoing policy of discrimination continuing within the limitations period. Instead, she has alleged discrete acts within the limitations period: the baby powder incident, the new requirement to provide monthly reports after her EEOC filing, and her termination. Complaint at ¶¶ 25, 30-31. Accordingly, the continuing

violation exception is inapplicable. Plaintiff's claims regarding incidents prior to three hundred days before August 9, 2013 are hereby dismissed. Defendant's motion is GRANTED with respect to such incidents.

### C. Plaintiff Has Failed to State a Claim of National Origin Discrimination.

Plaintiff argues Defendant discriminated against her unlawfully on the basis of her national origin. Complaint at ¶¶ 33-39. Defendant argues Plaintiff has failed to make a *prima facie* showing of discrimination sufficient to state a claim upon which relief can be granted. Motion to Dismiss at 9-10. To make a *prima facie* showing of discrimination, Plaintiff must allege facts showing (1) she belonged to a protected class; (2) she was qualified for the position she occupied; (3) she was subject to an adverse employment action; and (4) the circumstances surrounding the adverse action give rise to an inference of discrimination. *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (citation omitted). The burden of making a *prima facie* showing is "not onerous". *Id.* (internal quotation marks and citation omitted).

Defendant argues Plaintiff's claims must be dismissed because she has alleged no specific facts to suggest the circumstances surrounding her adverse employment action give rise to an inference of discrimination. Motion to Dismiss at 9-10. Defendant is correct. Plaintiff states her co-workers and supervisors were not African-American, she experienced harassing behavior including the baby powder incident and being called a "fat bitch," and her supervisors did nothing in response to Plaintiff's complaints. Complaint at ¶¶ ¶¶ 16-17, 20-26. However, Plaintiff does not cite any instance of negative references to her national origin, nor does she cite any specific examples where she was treated differently from non-African-American employees. Plaintiff has "done little more than to cite to [her] alleged mistreatment and ask the court to conclude that it must have been related to [her] [national origin.]" *Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231,

235 (2d Cir. 2002) (internal quotation marks and citations omitted). "This is not sufficient." *Id.* (internal quotation marks and citation omitted). Accordingly, Defendant's motion on this issue is GRANTED, and Plaintiff's national origin discrimination claim is hereby dismissed.

### D. Plaintiff Has Stated a Claim of Retaliation Upon Which Relief Can Be Granted

Plaintiff argues Defendant retaliated against her unlawfully for her protected conduct of reporting alleged discriminatory activity. Complaint at ¶¶ 40-47. To establish a *prima facie* case of retaliation under Title VII, Plaintiff must allege that "(1) she was engaged in an activity protected under Title VII; (2) [her] employer was aware of [her] participation in the protected activity; (3) [her] employer took adverse action against [P]laintiff; and (4) a causal connection existed between [P]laintiff's protected activity and the adverse action taken by [her] employer. *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000) (internal quotation marks omitted) (citing *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993)). Under the first prong, making a complaint of discrimination to management is a form of protected activity. *See, e.g., Costa v. Sears Home Imp. Prods., Inc.*, 65 F. Supp. 3d 333, 344 (W.D.N.Y. 2014) (Wolford, J.) (citation omitted). Under the second prong, an adverse employment action is not confined to termination or failure to promote. Rather, an adverse action is one that "a reasonable employee would have found . . . materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citations omitted).

Here, Plaintiff has alleged (1) she engaged in protected activity by complaining of discrimination to three different supervisors, Human Resources, and Corporate Compliance;

(2) Defendant was aware of her participation because her complaints were made directly to the aforementioned three different supervisors, Human Resources, and Corporate Compliance; and (3) Defendant took adverse action within the applicable limitations period against her by first imposing a new reporting requirement on her and then firing her. Complaint at ¶¶ 17, 20, 26-27, 30-31. Additionally, Plaintiff alleges her new requirement of filing monthly reports was imposed in the same month as her complaints, and she was terminated approximately nine or ten weeks after her final complaint to the Corporate Compliance office. *Id.* at ¶¶ 27, 30-31.

Regarding the fourth prong, the causation requirement, "[a]lthough temporal proximity [between protected conduct and an adverse employment action] alone is insufficient to carry a plaintiff's *ultimate* burden to prove [her] case of retaliation, the but-for causation standard does not alter the plaintiff's ability to demonstrate causation at the *prima facie* stage on summary judgment or at trial indirectly through temporal proximity." *Joseph v. Owens & Minor Distribution, Inc.*, 5 F. Supp. 3d 295, 318-19 (E.D.N.Y. 2014) (Brodie, J.) (emphases in original) (internal quotation marks and citations omitted). "Though [the Second Circuit] has not drawn a bright line defining, for the purposes of a prima facie case, the outer limits beyond which a temporal relationship is too attenuated to establish causation, [the Second Circuit has] previously held that five months is not too long to find the causal relationship." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010). Therefore, the temporal proximity between Plaintiff's complaints and her termination is sufficient to show a causal relationship for the purposes of a *prima facie* case. Accordingly, the Court hereby finds Plaintiff has sufficiently stated a *prima facie* claim of retaliation at this stage. Defendant's motion to dismiss that claim is hereby DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion, Dkt. 16, is hereby GRANTED as to Plaintiff's national origin discrimination claim, GRANTED as to any claims based on incidents before October 13, 2012, and DENIED as to Plaintiff's retaliation claim.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December _1_, 2015
      Brooklyn, New York